1 | Limin Zheng (SBN 226875 / zheng@fr.com)
FISH & RICHARDSON P.C.
2 | 500 Arguello Street, Suite 500
Redwood City, CA 94063
3 | Telephone: (650) 839-5070
Facsimile: (650) 839-5071
4 |

5 | Attorney for Plaintiff
InfoMotion Sports Technologies, Inc.
6 |

7 |

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 |

11 | INFOMOTION SPORTS TECHNOLOGIES, INC.,     Case No. _____

12 |                  Plaintiff,     **COMPLAINT FOR PATENT INFRINGEMENT**

13 |

14 |        v.

15 | MOOV INC.,     **DEMAND FOR JURY TRIAL**

16 |                 Defendant.

17 |

18 |      Plaintiff, InfoMotion Sports Technologies, Inc. ("InfoMotion") files this Complaint for

19 | Patent Infringement and demand for jury trial against Defendant.  InfoMotion states and alleges

20 | the following:

21 | **NATURE OF THE ACTION**

22 |      1.  This is an action for patent infringement under 35 U.S.C. § 271, *et seq.*, by

23 | InfoMotion against Moov Inc. ("Moov") for infringement of United States Patent Nos. 8,540,560

24 | ("the '560 patent") and 8,579,632 ("the '632 patent") resulting from Moov's manufacture, use,

25 | sale, and offer for sale of its Moov Classic and/or Moov Now sensors in combination with its

26 | Moov software applications.

27 |

28 |

COMPLAINT FOR PATENT INFRINGEMENT
Case No. _____

**THE PARTIES**

2.      InfoMotion is a Massachusetts corporation with its principal place of business at 6625 Dublin Center Drive, Dublin, Ohio 43017.

3.      On information and belief, Moov is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 152 Holly Court, Mountain View, California 94043.

**JURISDICTION AND VENUE**

4.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Moov because, on information and belief, Moov's principal place of business is located in this District.  Further, this Court has personal jurisdiction over Moov because it regularly conducts business in this District and therefore has substantial and continuous contacts within this District; because it has purposefully availed itself to the privileges of conducting business in this District; and/or because it has committed acts of patent infringement in this District.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**INTRADISTRICT ASSIGNMENT**

7.      This is an Intellectual Property Action and should therefore be assigned on a district-wide basis pursuant to Civil L.R. 3-2(c).

**BACKGROUND**

8.      InfoMotion is engaged in the business of designing, manufacturing, and selling advanced motion-sensor equipment and software that provides electronic analysis of athletic or complex motion activities.

COMPLAINT FOR PATENT INFRINGEMENT
Case No. _____

1    9.    For example, InfoMotion designed, makes and sells the 94Fifty® Smart

2  Basketball.  InfoMotion's 94Fifty® Smart Basketball has received numerous engineering awards

3  over the past two years including being named the top mobile application and software from the

4  International Consumer Electronics Show (CES) as well as being named a Time Magazine top

5  25 invention of the year.  InfoMotion's 94Fifty® Smart Basketball measures several important

6  skills involved with basketball, including shooting and ball-handing, and includes a SmartNet

7  feature to count makes and misses.  Combined with important metrics such as shot release speed,

8  shot arc, and backspin, the 94Fifty® Smart Basketball can significantly improve a player's skill

9  and connect the player with other players anywhere in the world.

10    10.    The '560 patent, entitled "Monitoring of Physical Training Events," issued to

11  Michael James Crowley and Kevin King on September 23, 2013.  A copy of the '560 patent is

12  attached as Exhibit A.

13    11.    InfoMotion owns the entire right, title, and interest in the '560 patent by

14  assignment.

15    12.    The '632 patent, entitled "Electronic Analysis of Athletic Performance," issued to

16  Michael James Crowley on November 12, 2013.  A copy of the '632 patent is attached as

17  Exhibit B.

18    13.    InfoMotion owns the entire right, title, and interest in the '632 patent by

19  assignment.

20    14.    InfoMotion's 94Fifty® Smart Basketball practices one or more claims of the '560

21  and '632 patents.

22    15.    InfoMotion has marked its 94Fifty® Smart Basketball products in accordance

23  with 35 U.S.C. § 287.

24    16.    Moov has made, used, sold, and offered for sale and is currently making, using,

25  selling, and offering for sale systems and methods for performing electronic analysis of athletic

26  performance that include its Moov Classic and/or Moov Now sensors in combination with its

27  Moov software applications, including Moov Run & Walk Coaching + Tracking, Moov Cardio

28

3    COMPLAINT FOR PATENT INFRINGEMENT
     Case No. _____

1    Boxing Coaching + Tracking, Moov Swim Coaching + Tracking, Moov Cycling Coaching +

2    Tracking, and/or Moov 7 Minute+ Coaching + Tracking (the "Accused Products").

3         17.    InfoMotion gave Moov actual notice of the '560 and '632 patents on or around

4    October 23, 2015.  For example, on October 23, 2015, Michel J. Crowley, Chief Executive

5    Officer for InfoMotion, sent a letter to Meng Li, Chief Executive Officer for Moov, identifying

6    the '560 and '632 patents.  The letter stated InfoMotion's belief that Moov requires a license to

7    InfoMotion's patents.

8         18.    Moov has infringed and continues to infringe claims of the '560 and '632 patents,

9    both directly and indirectly, and will continue to do so unless enjoined.

10                                  **COUNT I**

11                  **(Infringement of U.S. Patent No. 8,540,560)**

12        19.    InfoMotion restates and realleges the preceding paragraphs of this Complaint.

13        20.    On information and belief, Moov is directly infringing and actively inducing

14    others to infringe the '560 patent by making, using, offering to sell, and/or selling within the

15    United States its Accused Products and will continue to do so unless enjoined by this Court.

16        21.    On information and belief, the '560 patent is directly infringed by at least Moov's

17    own use, testing, and promotion of the Accused Products and also by direct and indirect

18    customers of Moov who use the Accused Products in a manner that directly infringes one or

19    more claims of the '560 patent.  Moov's customers directly infringe the '560 patent at least when

20    they use the Accused Products for performing electronic analysis of athletic performance.

21        22.    On information and belief, Moov specifically intends the Accused Products to be

22    used in a manner that directly infringes the '560 patent.  On information and belief, Moov's

23    actions have, at a minimum, shown willful blindness or indifference to the '560 patent.  On

24    information and belief, Moov induces its customers to directly infringe the '560 patent by

25    promoting, advertising, and instructing distributors and customers on how to use the Accused

26    Products for performing electronic analysis of athletic performance.  Moov's promotion,

27    advertising, and instruction efforts that induce infringement of one or more of the claims of the

28

4        COMPLAINT FOR PATENT INFRINGEMENT
                 Case No. _____

1   '560 patent include, at a minimum, presentations on its website

2   (https://moov.uservoice.com/knowledgebase), and on the iTunes store

3   (https://itunes.apple.com/us/app/moov-personal-coach-sports/id1029749448?ls=1&mt=8), and

4   on the Google Play store (https://play.google.com/store/apps/details?id=cc.moov.one).

5        23.     On information and belief, Moov's direct and indirect customers follow Moov's

6   promotion, advertising, and/or instructions and when they do so, they directly infringe the '560

7   patent.  Moov is aware and intends that its customers will and do follow Moov's instructions for

8   use of the Accused Products, and in doing so such customers are using a system and method that

9   includes each limitation of one or more claims of the '560 patent and, therefore, directly

10  infringes claims of the '560 patent.

11       24.     Based on the preceding paragraphs, there was and is an objectively high

12  likelihood that Moov's activities have been and are infringing the '560 patent; Moov has been

13  and is infringing the '560 patent with knowledge of the patent; and Moov subjectively knew of

14  the risk of infringement of the '560 patent and/or the risk of infringement of the '560 patent was

15  so obvious that Moov should have known of the risk; and thus, Moov's infringement of the '560

16  patent has been and continues to be willful.

17       25.     On information and belief, Moov will continue to infringe the '560 patent unless

18  and until it is enjoined by this Court.

19       26.     Moov has caused and will continue to cause InfoMotion irreparable injury and

20  damage by infringing the '560 patent.  InfoMotion will suffer further irreparable injury, for

21  which it has no adequate remedy at law, unless and until Moov is enjoined from infringing the

22  '560 patent.

**COUNT II**

**(Infringement of U.S. Patent No. 8,579,632)**

25       27.     InfoMotion restates and realleges the preceding paragraphs of this Complaint.

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT
Case No. _____

1    28.    On information and belief, Moov is directly infringing and actively inducing

2  others to infringe the '632 patent by making, using, offering to sell, and/or selling within the

3  United States its Accused Products and will continue to do so unless enjoined by this Court.

4    29.    On information and belief, the '632 patent is directly infringed by at least Moov's

5  own making, using, selling, and offering to sell the Accused Products and also by direct and

6  indirect customers of Moov who use the Accused Products in a manner that directly infringes

7  one or more claims of the '632 patent.  Moov's customers directly infringe the '632 patent at

8  least when they use the Accused Products for performing electronic analysis of athletic

9  performance.

10    30.    On information and belief, Moov specifically intends the Accused Products to be

11  used in a manner that directly infringes the '632 patent.  On information and belief, Moov's

12  actions have, at a minimum, shown willful blindness or indifference to the '632 patent.  On

13  information and belief, Moov induces its customers to directly infringe the '632 patent by

14  promoting, advertising, and instructing distributors and customers on how to use the Accused

15  Products for performing electronic analysis of athletic performance.  Moov's promotion,

16  advertising, and instruction efforts that induce infringement of one or more of the claims of the

17  '632 patent include, at a minimum, presentations on its website

18  (https://moov.uservoice.com/knowledgebase), and on the iTunes store

19  (https://itunes.apple.com/us/app/moov-personal-coach-sports/id1029749448?ls=1&mt=8), and

20  on the Google Play store (https://play.google.com/store/apps/details?id=cc.moov.one).

21    31.    On information and belief, Moov's direct and indirect customers follow Moov's

22  promotion, advertising, and/or instructions and when they do so, they directly infringe the '632

23  patent.  Moov is aware and intends that its customers will and do follow Moov's instructions for

24  use of the Accused Products, and in doing so such customers are using a system and method that

25  includes each limitation of one or more claims of the '632 patent and, therefore, directly

26  infringes claims of the '632 patent.

27

28

6    COMPLAINT FOR PATENT INFRINGEMENT
Case No. _____

1       32.      Based on the preceding paragraphs, there was and is an objectively high

2  likelihood that Moov's activities have been and are infringing the '632 patent; Moov has been

3  and is infringing the '632 patent with knowledge of the patent; and Moov subjectively knew of

4  the risk of infringement of the '632 patent and/or the risk of infringement of the '632 patent was

5  so obvious that Moov should have known of the risk; and thus, Moov's infringement of the '632

6  patent has been and continues to be willful.

7       33.      On information and belief, Moov will continue to infringe the '632 patent unless

8  and until it is enjoined by this Court.

9       34.      Moov has caused and will continue to cause InfoMotion irreparable injury and

10  damage by infringing the '632 patent.  InfoMotion will suffer further irreparable injury, for

11  which it has no adequate remedy at law, unless and until Moov is enjoined from infringing the

12  '632 patent.

13

14                            **PRAYER FOR RELIEF**

15      WHEREFORE, InfoMotion respectfully requests that this Court:

16      (1)      Enter judgment that Moov has infringed the '560 and '632 patents;

17      (2)      Enter an order permanently enjoining Moov and its officers, agents, employees,

18  attorneys, and all persons in active concert or participation with any of them, from infringing the

19  '560 and '632 patents;

20      (3)      Award InfoMotion damages in an amount sufficient to compensate it for Moov's

21  infringement of the '560 and '632 patents, together with pre-judgment and post-judgment

22  interest and costs under 35 U.S.C. § 284;

23      (4)      Award InfoMotion an accounting for acts of infringement not presented at trial

24  and an award by the Court of additional damage for any such acts of infringement;

25      (5)      Treble the damages awarded to InfoMotion under 35 U.S.C. § 284 by reason of

26  Moov's willful infringement of the '560 and '632 patents;

27

28

1    (6)    Declare this case to be "exceptional" under 35 U.S.C. § 285 and award

2  InfoMotion its attorney fees, expenses, and costs incurred in this action; and

3    (7)    Award InfoMotion such other and further relief as this Court deems just and

4  proper.

5

6                               **<u>DEMAND FOR JURY TRIAL</u>**

7          InfoMotion demands a jury trial on all issues so triable.

8

9  Dated: November 25, 2015                              FISH & RICHARDSON P.C.

10                                          By:  */s/ Limin Zheng*
                                                 Limin Zheng
11
                                            Attorneys for Plaintiff
12                                          INFOMOTION SPORTS TECHNOLOGIES,
                                            INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        8      COMPLAINT FOR PATENT INFRINGEMENT
                                                   Case No. _____